UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA                :

   - v. -                               :     **SEALED**
                                                        **INDICTMENT**

MOHAMMAD YOUNIS,                        :     10 Cr.

            Defendant.              :
- - - - - - - - - - - - - - - - -x

**10 CRIM 813**

## COUNT ONE

### CONSPIRACY TO CONDUCT AN UNLICENSED MONEY TRANSMITTING BUSINESS

The Grand Jury charges:

1. From at least in or about January 2010, up to and including in or about May 2010, in the Southern District of New York and elsewhere, MOHAMMAD YOUNIS, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to commit an offense against the United States, to wit, to violate Section 1960 of Title 18, United States Code.

2. It was a part and an object of the conspiracy that MOHAMMAD YOUNIS, the defendant, and others known and unknown, unlawfully, willfully and knowingly did conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business affecting interstate commerce, to wit, YOUNIS, at the direction of a co-conspirator in Pakistan, accepted tens of thousands of dollars in the United States and either delivered funds to recipients in the United States whose identities were cloaked, or helped effectuate the transfer of

funds to Pakistan, (a) without an appropriate money transmitting license in a State, to wit, New York, where such operation is punishable as a misdemeanor and a felony under State law, and (b) while failing to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and regulations prescribed under that section, in violation of Section 1960 of Title 18, United States Code.

## OVERT ACTS

3.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a.   On or about April 10, 2010, MOHAMMAD YOUNIS, the defendant, met with Faisal Shahzad in Long Island, New York, for the purpose of transferring to Shahzad thousands of dollars of U.S. currency, in a money transfer transaction facilitated by a co-conspirator not named herein ("CC-1") located in Pakistan.

   b.   On or about April 10, 2010, YOUNIS spoke on the telephone with Shahzad while Shahzad was in the vicinity of Rye, New York, in Westchester County, to discuss the transaction described above in sub-paragraph (3)(a).

c. On or about April 10, 2010, YOUNIS met with an individual ("Customer-1") in Long Island, New York, after Customer-1 traveled from New Jersey, passing through Manhattan, New York, for the purpose of receiving thousands of dollars of U.S. currency, in a transaction facilitated by CC-1 from Pakistan.

(Title 18, United States Code, Section 371.)

## COUNT TWO

### CONDUCTING AN UNLICENSED MONEY TRANSMITTING BUSINESS

The Grand Jury further charges:

4. From at least in or about January 2010, up to and including in or about April 2010, in the Southern District of New York and elsewhere, MOHAMMAD YOUNIS, the defendant, unlawfully, willfully, and knowingly conducted, controlled, managed, supervised, directed, and owned all or part of an unlicensed money transmitting business affecting interstate and foreign commerce, to wit, YOUNIS, at the direction of a co-conspirator in Pakistan, accepted tens of thousands of dollars in the United States and subsequently effectuated, and aided and abetted, the transfer of funds to anonymous recipients in the United States or to recipients in Pakistan, (a) without an appropriate money transmitting license in a State, to wit, New York, where such operation is punishable as a misdemeanor and a felony under State law, and (b) while failing to comply with the money transmitting

business registration requirements under Section 5330 of Title 31, United States Code, and regulations prescribed under that section.

(Title 18, United States Code, Sections 1960 and 2.)

### FORFEITURE ALLEGATION AS TO COUNT ONE

5.  As the result of committing the offenses alleged in Count One of this Indictment in violation of 18 U.S.C. § 371, MOHAMMAD YOUNIS, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense.

### SUBSTITUTE ASSET PROVISION

6.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> (1) cannot be located upon the exercise of due diligence;
>
> (2) has been transferred or sold to, or deposited with, a third person;
>
> (3) has been placed beyond the jurisdiction of the Court;
>
> (4) has been substantially diminished in value; or
>
> (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any

other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 1960;
Title 28, United States Code, Section 2461.)

FORFEITURE ALLEGATION AS TO COUNT TWO

7.  As the result of committing the offense alleged in Count Two of this Indictment in violation of 18 U.S.C. § 1960, MOHAMMAD YOUNIS, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982, all property, real and personal, involved in the illegal money transmitting offense and any property traceable to such property.

SUBSTITUTE ASSET PROVISION

8.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> (1) cannot be located upon the exercise of due diligence;
>
> (2) has been transferred or sold to, or deposited with, a third person;
>
> (3) has been placed beyond the jurisdiction of the Court;
>
> (4) has been substantially diminished in value; or
>
> (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982 and 1960.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

MOHAMMAD YOUNIS,

Defendant.

### INDICTMENT

10 Cr.

(18 U.S.C. §§ 371, 1960, and 2.)

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson

9-14-10
M.B.   Filed indictment under Seal..... Ellis, J.