```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA        :
                                :
     -against-                  :    No. 10 Cr. 813 (JFK)
                                :    **Memorandum Opinion and Order**
MOHAMMAD YOUNIS,                :
                                :
               Defendant.       :
-------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-20-11

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Defendant Mohammad Younis' ("Younis" or "Defendant") motion to sever two overt acts alleged in connection with the charge of conspiracy to operate an illegal money transmitting business. For the reasons that follow, the motion is denied.

## I.    Background

In a two-count Indictment dated September 15, 2010, Younis is charged with conspiracy to operate an unlicensed money transmitting business, in violation of 18 U.S.C. § 371, and operating and aiding and abetting the operation of an unlicensed money transmitting business, in violation of 18 U.S.C. § 1960, 2. The conspiracy count alleges two overt acts – hawala transactions whereby Younis and a co-conspirator in Pakistan facilitated the transfer of money to two customers in the United States. First, on April 10, 2010, Younis allegedly effectuated the transfer of thousands of dollars to Faisal Shahzad, the so-called "Times Square bomber," at a meeting in Long Island.

1

(Indictment ¶ 3(a)-(b)).  Second, on the same day as the Shahzad transaction, Younis allegedly met with another individual, identified as "Customer-1," in Long Island and again delivered to that individual thousands of dollars.  (Id. ¶ 3(c)).  Defendant now moves pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure to sever and try separately the two overt acts charged in Count One of the Indictment.

## II.    Discussion

Rule 8 permits joinder of offenses that are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  Fed. R. Cr. P. 8(a).  Where such joinder prejudices the defendant, the court may, in its discretion, "order separate trials of counts."  Fed. R. Cr. P. 14(a).  Plainly, neither Rule 8 nor Rule 14 provides for the severance of overt acts charged in furtherance of a single count of an indictment.  Indeed, the Court has unearthed no legal authority whatsoever in support of Defendant's extraordinary request that he, in effect, be tried for the same conspiracy twice.  While the motion could be denied on this ground alone, the Court notes that even if Rule 8 did apply, the so-called "joinder" of overt acts here is proper.  Each of the overt acts concerns a hawala transaction Defendant allegedly committed with the same co-conspirator, on the same day, in the same geographical area, in connection with the same

2

unlicensed money remitting business.  In an attempt to prove the divergence of the overt acts, Defendant proffered phone records to show that Faisal Shahzad and "Customer-1" did not call each other during the first two weeks of April 2010.  Since the two recipients referenced in the Indictment purportedly have no direct ties to each other, Defendant claims that he will need to present two different defenses to the conspiracy charge.  The lack of interaction between two customers of a money transmitting business is simply irrelevant to the question of whether Defendant and his co-conspirator in Pakistan – the alleged operators – facilitated the transfer of money to each person in New York.  Thus, there is no basis for Defendant's baffling contention that the two overt acts are so dissimilar as to have been "misjoined."

Moreover, severance of the overt acts is unwarranted. Defendant argues that it would be prejudicial to present two hawala transactions in one trial where one of the transactions involved Faisal Shahzad.  Under Rule 14(a), a defendant seeking severance must demonstrate "not simply some prejudice but substantial prejudice" as a result of the joinder.  United States v. Sampson, 385 F.3d 183, 190 (2d Cir. 2004); see United States v. Amato, 15 F.3d 230, 237 (2d Cir. 1994) ("Given the balance struck by Rule 8, which 'authorizes some prejudice' against the defendant, a defendant who seeks separate trials

3

under Rule 14 carries a heavy burden of showing that joinder will result in 'substantial prejudice.'" (quoting <u>United States v. Turoff</u>, 853 F.2d 1037, 1043 (2d Cir. 1988)). Although it is true that Faisal Shahzad has obtained some notoriety due to his own criminal conduct, nothing in the Indictment indicates that Defendant knew who Shahzad was or that the cash he delivered to Shahzad would fund the attempted detonation of a car bomb in Times Square. Defendant himself is not charged with any terrorism-related offenses. Thus, even if Rule 14 applied here – which it does not – Defendant has not articulated the substantial prejudice necessary to justify the expense and burden of trying him for conspiracy to operate an unlicensed money transmitting business twice.

### III.    Conclusion

The motion to sever the overt acts charged in Count One of the Indictment is denied.

**SO ORDERED.**

Dated:    New York, New York
          July 20, 2011

*[signature]*
John F. Keenan
United States District Judge